1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CLIFFORD JOHNSON,

11              Petitioner,                    No.  CIV S-09-3167 JAM CKD P

12         vs.

13    KATHLEEN L. DICKENSON,

14
                                              FINDINGS AND RECOMMENDATIONS
15              Respondent.
      _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  This action proceeds on the second amended petition filed

18    February 3, 2011, and specifically on the claim that petitioner has been denied his right to due

19    process under the Fourteenth Amendment by prison officials' failure to reinstate revoked

20    sentence credit pursuant to a request made by petitioner on April 23, 2008.  (Dkt. Nos. 25

21    ("Ptn."), 26.)  Pending before the court is respondent's March 18, 2011 motion to dismiss the

22    complaint for failing to state a cognizable claim for federal habeas relief.  (Dkt. No. 27 ("Mtn.").)

23    Petitioner filed an opposition to the motion on April 20, 2011.  (Dkt. No. 29 ("Opp.").)  For the

24    reasons discussed below, the undersigned will recommend that respondent's motion to dismiss

25    be denied.

26    ////

1

Also pending is petitioner's April 20, 2011 motion to dismiss the second amended petition without prejudice so that he may exhaust state remedies as to another claim and re-file a federal petition containing both claims.  (Dkt. No. 28.)  The undersigned will recommend that this motion be granted in part and that the second amended petition be dismissed for failure to exhaust state remedies as to the sole operative claim.

PROCEDURAL BACKGROUND

On April 27, 2004, petitioner was convicted in the Monterrey County Superior Court of two counts of assault with a firearm and sentenced to a term of twelve years and four months in state prison.  (Dkt. No. 11-1.[1])

Petitioner states that he raised the credit reinstatement claim that is the subject of this action in a petition for writ of habeas corpus in the Solano County Superior Court.  (Ptn. at 2-3.)  A previous filing in this case indicates that petitioner filed a habeas petition with the Solano County Superior Court on February 20, 2009, which was denied on April 8, 2009.  (Dkt. 11-1 at 9, 21.)  The California Court of Appeal, First Appellate District, denied petitioner's subsequent state habeas petition.  (Dkt. No. 11-1 at 22.)  On July 24, 2009, petitioner filed a habeas petition in the California Supreme Court.  That petition was summarily denied on August 12, 2009.  (Dkt. No. 11-1 at 2-23, 26.)[2]

Petitioner initiated this action on November 13, 2009 with the filing of his original petition.  (Dkt. No. 1.)  On June 28, 2010, respondent moved to dismiss the petition for

---

[1] The second amended petition erroneously lists the "date of judgment of conviction" as August 12, 2009, which is the date that the California Supreme Court denied petitioner's state habeas petition.

[2] The court draws this background material from petitioner's July 24, 2009 habeas petition to the California Supreme Court and related court records, filed by respondent on June 28, 2010 in conjunction with her earlier motion to dismiss.  (Dkt. 11-1.)  Per the Federal Rules of Evidence, the court takes judicial notice of these records.  A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment.  But a court may not take judicial notice of a fact that is "subject to reasonable dispute."  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); Fed.R.Evid. 201(b).

1  failure to state a federal habeas claim and/or failure to exhaust the claims in the state courts.

2  (Dkt. No. 11.)  While respondent's motion was pending, petitioner filed an amended petition.

3  (Dkt. No. 19.)  On January 13, 2011, the magistrate judge previously assigned to this action

4  dismissed the petition because petitioner had not opposed respondent's motion to dismiss.  The

5  court also dismissed the amended petition because it was not filed on the proper form; however,

6  the court granted petitioner leave to file a second amended petition.  (Dkt. No. 24.)

7        Petitioner filed the second amended petition on February 3, 2011.  (Dkt. No. 25.)

8  Respondent filed a second motion to dismiss on March 18, 2011.  On April 20, 2011, petitioner

9  filed a motion asking the court to "dismiss his amended petition giving petitioner leave to return

10 to the state court to exhaust his unexhausted claim so he may amend his petition" and refile it in

11 the district court.  (Dkt. No. 28.)  Respondent did not file a response to this motion.

12                         ANALYSIS

13 I. <u>Due Process Claim</u>

14       Petitioner's due process claim is most cogently stated in his state habeas petition

15 to the California Supreme Court, which is part of the record in this action and judicially noticed

16 by the court as noted above:

17         On 12/30/2004, petitioner received a CDCR 115 (RVR-Rules
           Violation Report) for Mutual Combat.  Petitioner suffered a credit
18         loss of ninety (90) days.  On 11/11/2005, petitioner received
           [another]  CDCR 115 [and] suffered a sixty (60)-day loss of credit.
19         California Code of Regulations, Title 15, § 3327(b) provides for
           the restoration of credit forfeiture when the inmate applicant
20         remains disciplinary free for a proscribed amount of time,
           dependent upon which division the disciplinary charge falls under.
21         Petitioner contends he remained disciplinary-free for the proscribed
           time periods for both of these violations but that CDCR custody
22         officials utilized unlawful and specious reasoning to deny the
           petitioner the credit restoration to which he was entitled.  Petitioner
23         attended a Unit Classification Committee on April 23, 2008
           wherein petitioner formally requested that he have his credit
24         forfeiture restored. [Prison officials maintained that petitioner was
           not entitled to credit restoration.] . . . .  When petitioner attempted
25         to re-apply for his restoration of credits pursuant to CCR, Title 15,
           § 3327(d) he was informed the section was a mistake and [he]
26         could not reapply.  Because § 3327(d) was an extant regulation at

1       the time petitioner applied for his restoration of credits he must be
2       entitled to all the benefits of this section and not be unlawfully
      denied his right to reinstate his forfeited good time/worktime
3       credits and/or become falsely imprisoned due to prison officials
      illegal actions.

4 (Dkt. No. 11-1 at 5-6; see also Ptn. at 4-5.)

5 II.  Respondent's Motion to Dismiss: No Federal Claim

6       Respondent argues that petitioner's restoration of credits claim must be dismissed

7 as not cognizable because it is based on state law.  "Johnson claims that prison officials violated

8 the California Code of Regulations by denying his April 23, 2008 request for restoration of

9 credits lost for the 2004 and 2005 rule violations, after he allegedly remained disciplinary-free for

10 the period of time required under the regulations.  Because this claim is based entirely on state

11 law, it is not cognizable in federal habeas corpus.  28 U.S.C. § 2254(a).  Indeed, Johnson has

12 failed to cite to any authority for the proposition that he has a federal right to restoration of

13 credits lost as a result of a prison disciplinary.  Accordingly, the petition must be dismissed."

14 (Mtn. at 2 (record citations omitted).)

15       In his opposition to the motion, petitioner argues that the state regulations at issue

16 give rise to a liberty interest that is protected by the federal Due Process clause.  (Opp. at 3-4.)

17       A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

18 some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

19 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

20 Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

21 interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

22 Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

23 corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

24 (1972).

25       As respondent points out, petitioner does not claim violation of a federal

26 constitutional right on the face of the second amended petition. Rather, the petition asserts that

1   prison officials violated state regulations governing credit restoration, which amounted to "false

2   imprisonment" of petitioner.  Habeas Rule 2(c) requires that a petition 1) specify all grounds of

3   relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief

4   requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a

5   real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption;

6   O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7

7   (1977)).

8           Here, while he does not cite federal constitutional law in the petition, petitioner

9   alleges facts that "point to" a federal constitutional claim.  In Preiser v. Rodriguez, 411 U.S. 475,

10  487-488 (1973), the Supreme Court held that a prisoner may challenge a prison disciplinary

11  conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time

12  credits because credits impact the duration of the prisoner's confinement.  The court held that a

13  suit seeking restoration of good time credits was "within the core of habeas corpus in attacking

14  the very duration of their physical confinement itself."  In dicta, the court in Preiser noted that

15  such a challenge is permissible even if restoration of the credits would not result in the prisoner's

16  immediate release from prison.  Id.; see also Edwards v. Balisok, 520 U.S. 641, 643-44 (1997)

17  (holding the sole remedy in federal court for a prisoner seeking restoration of good-time credits is

18  a writ of habeas corpus).  In this case, petitioner is serving a twelve-year prison term, and his

19  claim that prison officials failed to restore good-time and/or work-time credits to which he was

20  entitled constitutes a challenge to the duration of his confinement.  Thus, the undersigned will

21  not recommend that the petition be dismissed for failure to state a federal claim.

22  III.  Petitioner's Motion to Dismiss: Exhaustion

23          Petitioner's failure to invoke federal constitutional standards in his federal habeas

24  petition does not warrant dismissal of the petition.  However, his failure to do so on the state

25  level is another matter.  Having reviewed petitioner's July 24, 2009 state habeas petition to the

26  California Supreme Court, this court concludes that petitioner failed to exhaust state remedies as

1    to his due process claim.

2    The exhaustion of state court remedies is a prerequisite to the granting of a

3    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion  is to be waived, it

4    must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of

5    exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion

6    requirement by providing the highest state court with a full and fair opportunity to consider all

7    claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);

8    Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

9    It is not enough that all the facts necessary to support the federal claim were

10   before the state courts, Picard, at 277, or that a somewhat similar state-law claim was made.  See

11   Duncan v. Henry, 513 U.S. 364, 366 (1995).  The habeas petitioner must have "fairly presented"

12   to the state courts the "substance" of his federal habeas corpus claim.  Picard, supra, 404 U.S. at

13   275, 277-278.  Petitioner has the burden of proving exhaustion of state court remedies and in

14   California a petitioner must present his claims to the California Supreme Court.  Cartwright v.

15   Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.

16   1986).

17   To have exhausted a federal claim, petitioner must have

18   "characterized the claims he raised in state proceedings specifically
     as federal claims."  Lyons v. Crawford, 232 F.3d 666, 670 (2000)
19   (emphasis in original), as modified by 247 F.3d 904 (9th Cir.
     2001).  Consistent with the recognition that state and federal courts
20   are jointly responsible for interpreting and safeguarding
     constitutional guarantees, we have held that citation to either a
21   federal or state case involving the legal standard for a federal
     constitutional violation is sufficient to establish exhaustion.  See
22   id.; Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en
     banc) ("[F]or purposes of exhaustion, a citation to a state case
23   analyzing a federal constitutional issue serves the same purpose as
     a citation to a federal case analyzing such an issue.").  In short, the
24   petitioner must have either referenced specific provisions of the

25   _____

26       [3] A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

1    federal constitution or cited to federal or state cases involving the
     legal standard for a federal constitutional violation.
2

3    Castillo, supra, 399 F.3d at 999.  In his petition to the California Supreme Court, petitioner cited

4    state regulations and California cases that did not include the legal standard for a federal

5    constitutional due process claim.  (Dkt. 11-1 at 4-6.)  Neither served to "fairly present" a federal

6    due process claim to the state's highest court.

7            Petitioner partially acknowledges this problem in his opposition, where he states

8    that he "did not realize he had combined two claims within one" and was filing a motion "so

9    petitioner may exhaust [the] unexhausted claim and re-file his petition for writ of habeas corpus

10   in the district court with fully exhausted claims."  (Opp. at 5.)

11           On April 28, 2011, petitioner filed a motion asking the court to dismiss his

12   petition without prejudice so that he may "exhaust his unexhausted claim" and subsequently file

13   a federal habeas petition with two exhausted claims. (Dkt. No. 28.)  Petitioner's motion assumes

14   that the second amended petition contains one exhausted claim and one unexhausted claim,

15   known as a "mixed" petition.[4]   In fact, this habeas action proceeds on only one claim, which the

16   undersigned has concluded is unexhausted.

17            As the petition contains no exhausted claims, it should be dismissed.  A federal

18   court may raise the failure to exhaust issues sua sponte and may summarily dismiss on that

19   ground.  See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650

20   F.2d 1103, 1104 (9th Cir. 1981) ( per curiam ); see also Granberry v. Greer, 481 U.S. 129,

21   134–35 (1987) (when state fails to raise nonexhaustion claim, "court should determine whether

22   the interests of comity and federalism will be better served by addressing the merits forthwith or

23   by requiring" further state proceedings).  Here, as petitioner has moved to dismiss the second

24   _____

25       [4] A district court must dismiss a mixed petition; however, it must give the petitioner the
     choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas
     petition to present only exhausted claims.  Rose v. Lundy, 455 U.S. at 510 (1982); Jefferson v.
26   Budge, 419 F.3d 1013, 1016 (9th Cir.2005).

7

1  amended petition for failure to exhaust state remedies, the undersigned will recommend that

2  petitioner's motion be granted to the extent that the petition be dismissed for that reason.

3  However, as the petition is entirely unexhausted, petitioner is not subject to the options described

4  in footnote 4, supra.

5        Should petitioner complete exhaustion of his unexhausted claims and then file a

6  new federal petition presenting his exhausted claims, petitioner is advised that any future federal

7  petition for writ of habeas corpus may very well be time barred.  The federal habeas corpus

8  statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in

9  federal court.  In most cases, the one year period will start to run on the date on which the state

10 court judgment became final by the conclusion of direct review or the expiration of time for

11 seeking direct review, although the statute of limitations is tolled while a properly filed

12 application for state post-conviction or other collateral review is pending.  28 U.S .C. § 2244(d).

13       Accordingly, IT IS HEREBY RECOMMENDED THAT:

14       1.  Respondent's March 18, 2011 motion to dismiss for failure to state a

15 cognizable federal habeas claim (Dkt. No. 27) be denied;

16       2.  Petitioner's April 20, 2011 motion for leave to dismiss and refile the petition

17 (Dkt. No. 28) be granted to the following extent: The second amended petition (Dkt. No. 25) is

18 dismissed for failure to exhaust state remedies.

19       If petitioner files objections, he shall also address if a certificate of appealability

20 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

21 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

22 constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

23 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

24       These findings and recommendations are submitted to the United States District

25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

26 days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within fourteen days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: December 2, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
john3167.mtd